UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

HEOMA HECTOR, an individual,

        Plaintiff,

v.

BOCA BEE QUALITY BAKERY, INC., an
administratively dissolved Florida Corporation
and PETER KALAS, individually and as the
sole director of BOCA BEE QUALITY
BAKERY, INC.,

        Defendant.
_____/

CASE NO.: 00-6091-CIV-MIDDLEBROOKS
Magistrate Judge BANDSTRA

**JOINT SCHEDULING REPORT**

    Pursuant to S.D. Fla. L.R. 16.1(B) and this Court's Order of February 10, 2000, the parties, through undersigned counsel, conferred telephonically on March 13, 2000. Having met and discussed the matters required by S.D. Fla. L.R. 16.1(B) and this Court's Order, the parties submit the following Joint Scheduling Report.

### THE NATURE OF THE CASE

    This is an action brought under the Fair Labor Standards Act, 29 U.S.C. § 207, seq. (the "FLSA"). Plaintiff, Heoma Hector alleges that he was not paid overtime in accordance with the FLSA. Hector seeks compensation for his unpaid wages and liquidated damages in the same amount.

**1.    UNCONTESTED FACTS**

    There are none at this time.

MIA:122852:1



2. **ISSUES PRESENTLY KNOWN**

   1. Whether Defendants are a covered employer under the FLSA?

   2. Whether Plaintiff was compensated in accordance with the FLSA?

3. **PENDING MOTIONS**

   None.

4. **DISCOVERY ISSUES**

   **Progress of Discovery to date**

   Plaintiff has filed, and defendant has answered, requests to admit and interrogatories. The parties do not anticipate any discovery problems that will require early court resolution.

   **Limitations on Discovery**

   Discovery will be conducted pursuant to the Federal Rules of Civil Procedure.

   **Proposed Deadlines**

   | | | |
   |---|---|---|
   | A. | Last day to propound written discovery: | August 1, 2000 |
   | B. | Last day for depositions: | November 1, 2000 |
   | C. | Discovery cut-off (including filing of motions) | November 1, 2000 |

5. **LIKELIHOOD OF SETTLEMENT/SETTLEMENT STATUS**

   While it is anticipated that the parties will engage in good faith attempts to reach a settlement of this action, it is too early in the case to advise the Court on the likelihood of settlement. No settlement discussions have occurred to date.

6. **LIKELIHOOD LIMITS ON TIME**

   None anticipated

MIA:122852:1

2

7. **PROPOSED LIMITS ON TIME**

    A.    To join other parties                                     April 1, 2000

    B.    To file dispositive motions                        December 1, 2000
          (to be heard within 60 days)

    C.    To complete discovery                             November 1, 2000

8. **PROPOSALS TO SIMPLIFY ISSUES AND PROCEEDINGS**

At this very early stage of the proceedings, the parties are unable to advise the Court regarding proposals to simplify the issues and the proceedings. The parties will continue to engage in good faith discussion of those matters required by Local Rule 16.1(B)(7)(e)-(h) and report to the Court on the status of such discussions on or before the last day to propound written discovery and again on or before the discovery cut-off date.

9. **NECESSITY OR DESIRABILITY OF AMENDMENTS TO THE PLEADINGS**

None are anticipated at this time.

10. **POSSIBILITY OF OBTAINING ADMISSIONS OF FACT AND OF DOCUMENTS, STIPULATIONS REGRDING AUTHENTICITY OF DOCUMENTS AND THE NEED FOR ADVANCE RULINGS FROM THE COURT ON ADMISSIBILITY OF EVIDENCE.**

The parties will strive to simplify the issues and eliminate unnecessary claims and defenses but have no specific proposals as of the date of this report.

11. **SUGGESTIONS FOR THE AVOIDANCE OF UNNECESSARY PROOF AND OF CUMULATIVE EVIDENCE**

The parties will undertake to avoid unnecessary proof and cumulative evidence but are unable to formulate any specific suggestions at this time.

12. **SUGGESTIONS ON THE ADVISABILITY OF REFERRING MATTERS TO A MAGISTRATE JUDGE OR MASTER**

    This case has been assigned by the Clerk of the Court to Magistrate Ted E. Bandstra and the parties are amenable to Magistrate Bandstra's resolution of all non-dispositive pretrial matters.

13. **PRELIMINARY ESTIMATE OF THE TIME REQUIRED FOR TRIAL**

    The parties project that three (3) days will be necessary for the trial of this case. <u>This case is to be set for a jury trial</u>.

14. **REQUESTED DATE OR DATES FOR CONFERENCES BEFORE TRIAL, A FINAL PRETRIAL CONFERENCE AND TRIAL.**

    The parties request that a trial of this case be set during the month of February 2001, with a final pretrial conference to be held one month prior to the trial date.

15. **ANY OTHER INFORMATION THAT MIGHT BE HELPFUL TO THE COURT**

    A.  There is no proposal for use of the Manual on Complex Litigation, Third Ed., for this case.

    B.  The parties do not anticipate the need for an early case management conference.

    C.  The parties do not anticipate any need for references to a special master or magistrate.

    D.  The parties do not foresee any unique legal or factual aspects of the case requiring special consideration by the Court.

    E.  The parties have conferred regarding the "disclosure requirement" of Fed. R. Civ. P. 26(a)(1-4), and do not believe that it should apply to this case.

Respectfully submitted,

Dated: March 2٢, 2000

*[signature]*
J. Will Morris, Esq.
Florida Bar Number 069493
Biscayne Building
19 West Flagler Street
Suite 1400
Miami, Florida 33130
(305) 374-5160
(305) 374-9572 (facsimile)

Dated: March 21, 2000

*[signature]*
Harry N. Turk
Florida Bar Number 120596
Ruden, McClosky, Smith
 & Russell, P.A.
701 Brickell Avenue
Suite 1900
Miami, Florida 33131
(305) 789-2727
(305) 537-3927 (facsimile)

MIA:122852:1                                5