UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 00-6091-CIV-MIDDLEBROOKS

HEOMA HECTOR, an individual,

   Plaintiff,

vs.

BOCA BEE QUALITY BAKERY, INC., an
administratively dissolved Florida Corporation
and PETER KALAS, individually and as the
sole director of BOCA BEE QUALITY
BAKERY, INC.,

   Defendant.

_____/



## SCHEDULING ORDER

THIS CAUSE came before the Court at a Scheduling Conference conducted on April 10, 2000.

Pursuant to Local Rule 16.1(b)(7), IT IS ORDERED AND ADJUDGED as follows:

1. This case is set for jury trial before the Honorable Donald M. Middlebrooks, United States District Judge, for the two-week calender beginning February 12, 2001. The trial will be conducted at the United States Courthouse, 301 North Miami Avenue,

Miami, Florida, commencing at 9:30 a.m. The parties estimate a 3 day jury trial.[1]

2. No pretrial conference shall be held in this action, unless the parties so request or the Court determines, sua sponte, that a pretrial conference is necessary. Should a pretrial conference be set, the compliance deadlines as set forth in the remainder of this Order shall remain unaltered.

3. Counsel shall meet at least forty-five (45) days prior to the beginning of the trial calendar to confer on the preparation of a pretrial stipulation.

4. The original and one copy of a joint pretrial stipulation shall be filed at least thirty (30) days before the trial period set forth above and shall conform to Local Rule 16.1(e). The Court will not allow unilateral pretrial stipulations.

5. In cases tried before a jury, each party shall file the original and one copy of the proposed jury instructions at least ONE WEEK prior to the beginning of the trial calendar. Each jury instruction shall be typed on a separate sheet, and to the extent possible, accompanied also by a 3 ½ inch IBM - formatted disc compatible with WordPerfect and must be supported by citation of authority. In preparing their requested jury instructions, the parties shall utilize as a guide the *Pattern Jury Instructions* for civil cases approved by the United States Eleventh Circuit, including the Directions to Counsel contained therein.

6. In cases tried before the Court, each party shall file the original and one copy of the proposed findings of fact and conclusions of law at least ONE WEEK prior to the

---

[1] The Court has advised the parties of the opportunity to consent to a specially set trial before the undersigned pursuant to 28 U.S.C. § 636(c). A fully executed consent form should be filed within thirty days from the date of this Order to ensure a firm trial date before the undersigned if so requested by all parties.

beginning of the trial calendar. Proposed conclusions of law shall be supported by citations of authority.

7. All exhibits must be pre-marked. A typewritten exhibit list setting forth the number, or letter, a description of each exhibit shall be submitted at the time of trial.

8. A motion for continuance shall not stay the requirement for the filing of a pretrial stipulation and, unless an emergency situation arises, a motion for continuance will not be considered unless it is filed at least twenty (20) days prior to the date on which the trial calendar is scheduled to commence.

9. Non-compliance with any provision of this order may subject the offending party to sanctions or dismissal. It is the duty of all counsel to enforce the timetable set forth herein in order to insure an expeditious resolution of this cause.

10. The following timetable shall govern the pretrial procedure in this case. This schedule shall not be modified absent compelling circumstances.

| | |
|---|---|
| April 1, 2000 | Joinder of additional parties and amended pleadings. |
| July 1, 2000 | Plaintiff(s) shall furnish opposing counsel with a written list containing the names and addresses of all _expert_ witnesses intended to be called at trial and only those _expert_ witnesses listed shall be permitted to testify. Within the 14-day period following the disclosure, the plaintiff shall make its experts available for deposition by the defendant(s). The experts' depositions may be conducted without further order from the Court. |
| August 1, 2000 | Defendant(s) shall furnish opposing counsel with a written list containing the names and addresses of all _expert_ witnesses intended to be called at trial and only those _expert_ witnesses listed shall be permitted to testify. Within the 14-day periods following this disclosure, the |

|  |  |
|---|---|
|  | defendant(s) shall make its experts available for deposition by the plaintiff(s). The experts' depositions may be concluded without further order from the Court. |
| August 1, 2000 | Parties shall furnish opposing counsel with a written list containing the names and addresses of all witnesses intended to be called at trial and only those witnesses listed shall be permitted to testify. |
| November 1, 2000 | All discovery must be completed. |
| December 1, 2000 | All pretrial motions and memoranda of law must be filed. |
| January 15, 2001 | Joint pretrial stipulation must be filed. |

This case is assigned to the Standard track.

This is a jury trial.

11. A calendar call will be set by separate notice of trial issued by the trial court.

12. If this case is settled, counsel are directed to inform the Court promptly by calling chambers of the Honorable Donald M. Middlebrooks (305-523-5540) and submitting an appropriate order for dismissal, within ten (10) days of notification of settlement to the Court, pursuant to Fed.R.Civ.P. 41(a)(1).

Dated this 21st day of April, 2000.

_____
Ted E. Bandstra
United States Magistrate Judge

Copies furnished to:

Honorable Donald M. Middlebrooks
J. Will Morris, Esq.
Harry N. Turk, Esq.